JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00084-DOC-DFM                              Date:  May 6, 2026

Title: Jayesh Bhakta et al v. Hermosa Hotel Investments, LLC et al

---

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|---|---|
| Priscilla Deason<br>for Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR<br>PLAINTIFF:<br>None Present | ATTORNEYS PRESENT FOR<br>DEFENDANT:<br>None Present |

---

PROCEEDINGS (IN CHAMBERS):   **ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [12]**

Before the Court is Plaintiffs Jayesh Bhakta and Kiritkumar Sukhabhai Patel (collectively "Plaintiffs") Motion to Remand ("Motion" or "Mot.") (Dkt. 12). The Court heard oral argument on the Motion on May 4, 2026. After considering the moving papers and the arguments made, the Court **GRANTS** Plaintiffs' Motion.

## I.     BACKGROUND

This is a lawsuit arising from a dispute between members of a limited liability company over the management and operation of a hotel in Hermosa Beach, California. *See generally* First Amended Complaint ("FAC") (Dkt. 1-4). In the operative complaint, Plaintiffs bring the following claims: (1) Violation of California Corporations Code § 17704.10(b) (inspection rights); (2) Breach of Fiduciary Duty; (3) Breach of Operating Agreement; (4) Accounting; (5) California Penal Code Section 496 (receiving stolen property, civil remedy); and (6) Constructive Trust. *See generally id.*

Plaintiffs originally filed suit in Orange County Superior Court on May 23, 2025 (Dkt. 1-1). On December 29, 2025, Plaintiffes filed a First Amended Complaint. Notice of Removal ("Notice" or "Not.") (Dkt. 1) ¶ 2; *see generally* FAC. Defendants Hermosa Hotel Investments LLC, Dipak G. Bhakta, Govind Investments, Inc., and Komal Bhakta

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00084-DOC-DFM                                    Date: May 6, 2026
                                                                                          Page 2

(collectively, "Defendants") removed the matter to this Court on January 12, 2026. *See generally* Not. Defendants filed a First Amended Notice of Removal on January 23, 2026 ("FAN") (Dkt. 11). Defendants assert that removal is proper under federal question jurisdiction and 12 U.S.C. § 632.

Plaintiffs filed their Motion on February 9, 2026 (Dkt. 12). Defendants filed their Opposition on February 23, 2026 (Dkt. 13). Plaintiffs then filed their Reply on March 2, 2026 (Dkt. 14). The Court heard oral argument on May 4, 2026.

## II.    LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense ..., even if the defense is anticipated in the plaintiff's complaint ...." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00084-DOC-DFM                                     Date: May 6, 2026
                                                                   Page 3

raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    FEDERAL QUESTION JURISDICTION

Plaintiffs do not plead any federal causes of action in their First Amended Complaint. The case may therefore not be removed under the well-pleaded complaint rule. *See Franchise Tax Bd. of Cal*, 463 U.S. at 13. Accordingly, federal question jurisdiction must exist under some other basis.

First, Defendants argue that federal jurisdiction exists under California Penal Code § 496. FAN ¶¶ 15-16. California Penal Code § 496 is a state criminal law that criminalizes receiving stolen property. It also provides a private right of action in addition to its criminal effects. *See* Cal. Penal Code § 496(c) ("Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."). Nevertheless, Plaintiffs claim that "California Penal Code Section 496 qualifies as 'state action' under the public function test, as the prosecution under this section is a traditional state action given to a governmental prosecutor to litigate." Opp. at 8. This argument misses the mark. It is of no consequence that one of Plaintiffs' private rights of action is sourced under the California Penal Code. At oral argument, Plaintiff relied on *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333 (2022). However, *Farkhondehpour* dealt with "whether a trial court may award treble damages and attorney's fees under Penal Code section 496, subdivision (c) in a case involving, not trafficking of stolen goods, but instead, fraudulent diversion of a partnership's cash distributions." 13 Cal. 5th at 339. It is not relevant to the question here—whether the claim provides for federal jurisdiction.

Second, Defendants argue that federal jurisdiction exists under 12 U.S.C. § 632 because Bank of America, N.A. is a federally chartered bank and and has been served with two subpoenas for bank records. FAN ¶¶ 3-14. 12 U.S.C. 632 provides, in pertinent part, that "all suits of a civil nature at common law or in equity to which any Federal Reserve bank *shall be a party* shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits." 12 U.S.C. § 632 (emphasis added). Here, Bank of America is not a party. It is a third party to the case. The Court declines to read the statute to stretch to include third parties who have been merely served with subpoenas. Such a reading ignores the statute's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00084-DOC-DFM                                    Date: May 6, 2026
                                                                              Page 4

"shall be a party" language and confers federal jurisdiction over any suit touching tangentially on a federally chartered bank. This is too much. As federal jurisdiction expands, state court jurisdiction to decide state law issues and develop state law correspondingly decreases. The Court declines to participate in this erosion of state jurisdiction.

Third, Defendants removed this matter by citing to the Federal Arbitration Act ("FAA"). FAN ¶¶ 17-28. However, in their Opposition and at oral argument, Defendants conceded that they are only citing the FAA for the proposition that the matter should be stayed and sent to arbitration. At this stage, the Court is only concerned with whether it has jurisdiction. It need not address whether this matter should be compelled to arbitration and declines to do so since it concludes that it lacks jurisdicition.

## IV.    ATTORNEYS' FEES

Plaintiffs also seeks attorneys' fees in their Motion claiming that Defendants "had no objectively reasonable basis to file the Motion to Remand." Mot. at 14. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the appropriate test for awarding fees under § 1447(c) should balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with "not undermining Congress' basic decision to afford defendants a right to remove." *Martin*, 546 U.S. at 140. Here, Defendants' removal was undeniably aggressive, but the Court declines to conclude that they lacked an "objectively reasonable basis." Defendants attempted to pursue creative arguments in furtherance of removal. While these arguments failed, the Court declines to award attorneys' fees because of this failure.

## V.    DISPOSITION

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court. The Court **DENIES** Plaintiffs' request for attorneys' fees.

The Clerk shall serve this minute order on the parties.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00084-DOC-DFM                                    Date: May 6, 2026
                                                                                         Page 5


MINUTES FORM 11                                    Initials of Deputy Clerk: pd/kdu
CIVIL-GEN